**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OTILIO OSTORGA CRUZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　Respondent. | No.　15-72889<br><br>Agency No. A070-639-740<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:　LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

　　Otilio Ostorga Cruz, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Ostorga Cruz's motion to reopen, based on lack of notice, where Ostorga Cruz no longer disputes that he was personally served a Notice to Appear ("NTA") that informed him of his obligation to update the court with a current address, and he failed to inform the court that the address listed on his NTA was no longer his current address. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen in absentia proceedings based on lack of notice may be filed at any time); 8 U.S.C. § 1229a(b)(5)(B) (no notice of hearing required if the alien has failed to inform the government of a change in address).

Contrary to Ostorga Cruz's contention, the agency did not err or violate due process by not providing the contents of the NTA in Spanish. *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1155 n.4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

15-72889